IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:14-cv-03401-MDH |
| | ) |
| TAMARA FAYE DOBBS RIDGWAY | ) |
| d/b/a SUNSHINE SALOON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 8). The time to file suggestions has passed and the matter is now ripe for review. After full and careful consideration, the Court **DENIES** Defendant's motion.

## BACKGROUND

Plaintiff filed the present action in federal district court on September 12, 2014. Plaintiff's complaint alleges that on March 16, 2013, Defendant unlawfully intercepted, published, and exhibited the *"Ultimate Fighting Champtionship 158", Georges St. Pierre v. Nick Diaz* telecast over which Plaintiff had the exclusive nationwide television distribution rights. Plaintiff alleges that Defendant wilfully published the telecast "at their Springfield, MO 1326 West Sunshine Street location" at the time of its transmission and did so "for purposes of direct or indirect commercial advantage or private financial gain." Plaintiff seeks to recover under (I) Title 47 U.S.C. Section 605, (II) Title 47 U.S.C. Section 553, and (III) common law conversion.

In response to Plaintiff's complaint, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that the complaint fails to state a plausible claim upon which relief can be granted because it does not include "facts supporting

the 'how' element of Plaintiff's case." Specifically, Defendant argues that there are no factual allegations: (1) to support Plaintiff's assertion that Defendant knew the program was not to be intercepted, received, and exhibited, (2) to indicate the method of transmission – i.e. through cable or satellite, (3) to explain how the alleged piracy or interception occurred, (4) to show how or to whom the program was allegedly exhibited or published, and/or (5) to show how Defendant received a commercial advantage or private financial gain. Plaintiff did not file suggestions in opposition to Defendant's motion.

## STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

2

Case 6:14-cv-03401-MDH   Document 10   Filed 12/10/14   Page 2 of 6

**ANALYSIS**

Plaintiff's complaint contains sufficient factual allegations, accepted as true, to create a plausible inference that Defendant is liable for the misconduct alleged.

Plaintiff's first two counts attempt to state claims under the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, and the Cable and Television Consumer Protection & Competition Act of 1992, 47 U.S.C. § 605, *et seq.* Section 605 states that "[n]o person not being authorized by the sender shall intercept *any radio communication* and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605 (emphasis added). Section 553 provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any *communications service offered over a cable system*, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553 (emphasis added).

A majority of the circuit courts of appeals,[1] as well as district courts within the Eighth Circuit,[2] interpret sections 605 and 553 to be mutually exclusive. These courts hold that section 605 applies to the interception of satellite or radio transmissions, whereas section 553 applies to the interception of transmissions via cable systems. Nonetheless, "[t]o establish liability under either § 553 or § 605, a plaintiff must prove that a defendant unlawfully exhibited, published or divulged a privileged communication and the signal transmitting that communication was

---

[1] *See, e.g., J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351-53 (5th Cir. 2014); *Charter Commc'ns Entm't I v. Burdulis*, 460 F.3d 168, 172–78 (1st Cir. 2006); *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 199–207 (3d Cir. 2001); *United States v. Norris*, 88 F.3d 462, 464–69 (7th Cir. 1996); *see contra Int'l Cablevision v. Sykes*, 75 F.3d 123, 129–33 (2d Cir.1996).

[2] *See, e.g., J & J Sports Prods., Inc. v. Brewster "2" Cafe, LLC*, No. 4:11-CV-00690-SWW, 2014 WL 4956501, at *2 (E.D. Ark. Oct. 2, 2014); *J & J Sports Prods., Inc. v. Premium Lounge, Inc.*, No. 4:13CV1740 TIA, 2014 WL 2711852, at *3 (E.D. Mo. June 16, 2014); *Joe Hand Promotions, Inc. v. Peterson*, No. 8:12CV241, 2014 WL 824119, at *4 (D. Neb. Mar. 3, 2014); *Zuffa, LLC v. Kamranian*, No. 1:11-CV-036, 2013 WL 1196632, at *4 (D.N.D. Mar. 25, 2013); *Joe Hand Promotions, Inc. v. Sharp*, 885 F. Supp. 2d 953, 954 (D. Minn. 2012). The Eighth Circuit has not yet addressed this issue.

delivered to the intercepting party by way of a satellite or cable transmission." *Joe Hand Promotions, Inc. v. Peterson*, No. 8:12CV241, 2014 WL 824119, at *3 (D. Neb. Mar. 3, 2014).

Here, Plaintiff's complaint contains ample factual allegations to support an inference that Defendant violated either section 605 or section 553. The complaint is similar to a highly analogous complaint recently upheld by the United States District Court for the Eastern District of Missouri, which identified all of the following within the complaint:

> the Program allegedly misappropriated; the place of the alleged violation; the date of the alleged violation; the existence of a contract giving Plaintiff exclusive nationwide television distribution rights to the Program; the absence of authorization which would allow Defendants to lawfully broadcast the Program; and Defendant's alleged willfulness in misappropriating the Program.

*J & J Sports Prods., Inc. v. Premium Lounge, Inc.*, No. 4:13CV1740 TIA, 2014 WL 2711852, at *4 (E.D. Mo. June 16, 2014). All of these elements are similarly identifiable in Plaintiff's complaint.

The arguments furthered by Defendant in support of its motion to dismiss are unavailing. Contrary to Defendant's first argument, Plaintiff's general allegations concerning the Defendant's "knowledge" and "willfulness" are adequate at the current stage of litigation. *See, e.g., id.*; *see also Joe Hand Promotions, Inc. v. McFarland*, No. 4:12CV3198, 2013 WL 3901455, at *3 (D. Neb. July 26, 2013); *J & J Sports Prods., Inc. v. Scarato*, No. 4:07CV2058 JCH, 2008 WL 2065195, at *2 (E.D. Mo. May 14, 2008). The Court is required to accept as true Plaintiff's factual allegations and, here, Plaintiff alleged that "[w]ith full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, the above-named Defendants" committed the unlawful acts. Whether Plaintiff can present sufficient evidence to prove Defendant committed the allegedly unlawful acts "wilfully and for the

purposes of direct or indirect commercial advantage or private financial gain" is a matter for summary judgment, not a motion to dismiss under 12(b)(6).

Next, Defendant argues the complaint is flawed because it fails to plead the method by which the alleged interception was transmitted and how the alleged interception occurred. While the method of transmission – i.e. cable or satellite – is critical to determine whether Plaintiff can prevail under section 605 or section 553, the Federal Rules of Civil Procedure allow the pleading of alternative and inconsistent claims. *See* Fed. R. Civ. P. 8(d). Furthermore, a plaintiff's allegation of an unauthorized interception, publication, exhibition and divulgence, without specifying the exact means by which such acts were committed, is sufficient to survive a motion to dismiss. *Scarato*, 2008 WL 2065195, at *2 ("the necessary allegation is that the Program was intercepted, not how it was intercepted"); *see also Joe Hand Promotions, Inc. v. Peterson*, 2014 WL 824119, at *3 (D. Neb. Mar. 3, 2014). As one district court recently explained:

> As stated by the court in *Joe Hand Promotions, Inc. v. Lynch*, 822 F.Supp.2d 803, 805 (N.D.Ill.2011), "[t]he mutual exclusiveness of § 605 and § 553 is well-established law. In light of that legal principal, any complaint asserting that a single action violates both statutes can only be interpreted as stating alternative claims." While Plaintiff may not recover under both statutes, allowing discovery of whether the Defendants intercepted the program via radio signals or wire "will provide the necessary enlightenment to indicate under which statute the plaintiff should recover." *Id.* at 806.

*J & J Sports Prods., Inc. v. Premium Lounge, Inc.*, No. 4:13CV1740 TIA, 2014 WL 2711852, at *3 (E.D. Mo. June 16, 2014). Thus, Defendant's second argument fails in the context of a motion to dismiss under 12(b)(6).

Finally, Defendant argues that the complaint should fail because it does not plead how or to whom the program was allegedly exhibited or published. Again, case law does not support Defendant's argument. To the extent that Defendant infers public display is required to state a claim under section 605 or 553, such inference is incorrect. *See Premium Lounge, Inc.*, 2014

5

WL 2711852, at *4 n. 2. As Defendant suggests, factors such as how and to whom the program was published may affect damages; however, Plaintiff presented no case law indicating that such details are required to be pleaded in the complaint. Furthermore, viewing the complaint in the light most favorable to Plaintiff, the Court can reasonably infer that Defendant exhibited, published, or divulged the allegedly intercepted television broadcast of a UFC fight to its patrons, especially considering Defendant operates a saloon and the interception supposedly occurred "at the time of transmission." *See generally id*.

Defendant made no specific arguments related to Plaintiff's common law conversion claim. Other courts considering conversion claims brought under Missouri law in similar circumstances have upheld such claims at the pleading stage. *See id.*; *see also J & J Sports Prods., Inc. v. Garcia*, No. 4:13 CV 2416 DDN, 2014 WL 2644194, at *4 (E.D. Mo. June 13, 2014); *Joe Hand Promotions, Inc. v. Hubbard*, No. 4:12CV1729 TIA, 2013 WL 2319354, at *3 (E.D. Mo. May 28, 2013); *Joe Hand Promotions, Inc. v. Crossroads Rest. & Lounge, Inc.*, No. 4:12CV2403 JCH, 2013 WL 1787573, at *2 (E.D. Mo. Apr. 25, 2013).

## DECISION

Based on the foregoing analysis, the Court finds that the complaint states a plausible claim for relief. Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 8) is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 10, 2014      */s/ Douglas Harpool*
                              **DOUGLAS HARPOOL**
                              **UNITED STATES DISTRICT JUDGE**