IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:14-cv-03401-MDH |
| | ) | |
| TAMARA FAYE DOBBS RIDGWAY d/b/a SUNSHINE SALOON, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 14). Plaintiff moves the Court to strike all seven affirmative defenses furthered in Defendant's answer. In response to Plaintiff's motion, Defendant agrees to withdraw affirmative defenses one, two, four, and seven but argues that defenses three, five, and six are properly raised and pleaded. Alternatively, Defendant offers to "remove or amend affirmative defenses three, five, and six so long as Defendant is not foreclosed from advancing such arguments at the appropriate time in the case."

## STANDARD

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. Striking a pleading is considered an "extreme measure" that is "viewed with disfavor and infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). A motion to strike should be denied where "the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford*, 570 F.2d at 229. Even when striking a

defense is technically proper, courts are reluctant to do so in the absence of prejudice to the moving party.  *See U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, No. 4:11-CV-0590-FJG, 2012 WL 3961228, at *1 (W.D. Mo. Sept. 10, 2012); *CitiMortgage, Inc. v. Draper & Kramer Mortgage Corp.*, No. 4:10CV1784 FRB, 2012 WL 3984497, at *2 (E.D. Mo. Sept. 11, 2012).  "If there is any doubt whether the matter may raise an issue, the motion to strike should be denied."  *U.S. ex rel. Kraxberger*, 2012 WL 3961228, at *1.

In deciding a motion to strike, the court views the pleadings in the light most favorable to the pleader.  *CitiMortgage*, 2012 WL 3984497, at *2.  District courts within the Eighth Circuit disagree about whether the pleading standards of *Iqbal* and *Twombly* apply to affirmative defenses.  *See, e.g., Strauss v. Centennial Precious Metals, Inc.*, 291 F.R.D. 338, 342 n.5 (D. Neb. 2013) (collecting cases).  Where those standards apply, the defendant must "provide fair notice of what the defense is and the ground upon which it rests."  *Openmethods, LLC v. Mediu, LLC*, No. 10-761-CV-W-FJG, 2011 WL 2292149, at *2 (W.D. Mo. June 8, 2011).

## ANALYSIS

### Affirmative Defense Three: Law-of-the-Case Doctrine

Defendant's third affirmative defense is brought under the law-of-the-case doctrine.  That doctrine "requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy."  *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (citing *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995)).  "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Arizona v. California*, 460 U.S. 605, 618 (1983) *decision supplemented*, 466 U.S. 144 (1984).

2

Defendant cites to the Court's prior order wherein the Court noted the majority view that 47 U.S.C. §§ 553 and 605 are mutually exclusive, with section 553 applying to the interception of transmissions via cable systems and section 605 applying to the interception of satellite or radio transmissions.  Defendant asserts that:

> Under the law of the case doctrine, Count II of Plaintiff's claim is without merit as 47 U.S.C. § 553 et seq. only applies to cable transmission and the Program at issue in this case was transmitted via satellite. . . .  Defendant [sic] is not entitled to attorneys' fees for pleading or prosecuting this meritless Count.

Def.'s Answer, Affirmative Defense ¶ 3.  Plaintiff argues this defense is insufficient because it operates under the assumption that section 605 applies, which the Court did not hold, and it overlooks Plaintiff's ability to plead in the alternative.  Defendant argues the defense merely incorporates the Court's "finding as a matter of law" that sections 553 and 605 are mutually exclusive and notifies Plaintiff of Defendant's position that the intercepted transmission was transmitted via satellite.

Although the law-of-the-case doctrine is not binding in this instance,[1] Plaintiff's motion to strike affirmative defense three is denied because the defense "fairly presents a question of law or fact which the court ought to hear."  Defendant should be permitted to state its position that, adhering to the Court's prior ruling that sections 553 and 605 are mutually exclusive, Plaintiff cannot recover under section 553 because the interception occurred via satellite.[2]  Defendant's use of the law-of-the-case doctrine here seeks to ensure uniformity in the proceedings and protect the expectations of the parties.  Moreover, Plaintiff is not prejudiced by

---

[1] The doctrine is "discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir.) *cert. denied*, 134 S. Ct. 119, 187 L. Ed. 2d 36 (2013).  The Eighth Circuit ruled that the doctrine does not apply to interlocutory orders.  *See Murphy v. FedEx Nat. LTL, Inc.*, 618 F.3d 893, 905 (8th Cir. 2010).  Here, the denial of Defendant's motion to dismiss constitutes an interlocutory order.  *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).  Moreover, the doctrine "directs a court's discretion, it does not limit the tribunal's power."  *Arizona v. California*, 460 U.S. 605, 618 (1983).

[2] This is especially true where, as here, Plaintiff did not plead specific facts showing what type of transmission was intercepted.  Defendant should not be required to satisfy a pleading standard higher than Plaintiff.

3

Defendant's affirmative defense because (1) the law-of-the-case doctrine does not prohibit a court from reconsidering an interlocutory legal conclusion, and (2) it requires no additional or unnecessary investigation or discovery. Accordingly, the "extreme measure" of striking Defendant's pleading is not appropriate.

On the other hand, Defendant's statement that "Plaintiff is not entitled to attorneys' fees for pleading or prosecuting this meritless Count" is stricken. Alternative pleading is expressly allowed by the Federal Rules of Civil Procedure and the Court previously ruled that Plaintiff is entitled to discovery to determine whether Defendant intercepted the program via radio signals or wire. Therefore, the Court strikes that portion of the defense as insufficient as a matter of law.

### Affirmative Defenses Five and Six: Excessive Damages and Attorney Fees

Defendant's fifth affirmative defense alleges Plaintiff's prayer for damages is grossly excessive based on the de minimis level of harm incurred. Defendant's sixth affirmative defense argues Plaintiff is a serial litigant and any request for attorney fees should be closely scrutinized. Plaintiff counters that these defenses are not "affirmative defenses" and notes that Defendant will have an opportunity to address appropriate damages and attorney fees at a later time. Defendant states that it merely attempts to provide notice of the legal arguments that it will make in an effort to avoid liability and/or damages in this case.

The Court agrees with Plaintiff that these defenses do not constitute affirmative defenses;[3] however, under Federal Rule of Civil Procedure 8(b), a defendant is entitled to assert generally "its defenses to each claim asserted against it." The Defendant's mistaken designation of its defenses as affirmative defenses does not warrant striking the same under Rule 12(f). *See Bank of Beaver City v. Sw. Feeders, L.L.C.*, No. 4:10CV3209, 2011 WL 4632887, at *9 (D. Neb.

---

[3] *See, e.g., Crow v. Wolpoff & Abramson*, No. CIV.06 3228 PAM/JSM, 2007 WL 1247393, at *3 (D. Minn. Apr. 19, 2007) (explaining an affirmative defense accepts, rather than contradicts, the well-pleaded allegations of complaint.)

4

Oct. 4, 2011) ("It does not follow, however, that the defense must be stricken due to its mistaken designation. On the contrary, such errors are routinely disregarded."); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1269 (3d ed. 2014) ("To the extent that a defendant improperly labels a denial as an affirmative defense, 'as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader.'").

Here, Defendant's fifth and sixth "affirmative defenses" clearly place into issue Plaintiff's prayer for relief and allegations related to damages and attorney fees. *See* Compl. ¶¶ 14, 19, 23. Defendant's mistaken designation in no way prejudices Plaintiff. The Court, therefore, denies Plaintiff's motion to strike. *See* Wright & Miller, Federal Practice & Procedure § 1269 (where defendant "include[s] affirmative defenses that were previously included as denials, the court can choose either to strike these defenses as redundant or to treat the defenses as denials.").

## DECISION

Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 14) is hereby **DENIED**. Defendant is directed to file an amended answer within ten (10) days of the date of this order that reflects the changes made voluntarily and in this order, including: (1) removal of affirmative defenses one, two, four, and seven; (2) removal of the portion of affirmative defense three that relates to attorney fees; and (3) the correct designation for affirmative defenses five and six.

**IT IS SO ORDERED**.

Dated: March 24, 2015

                                   */s/ Douglas Harpool*
                                   **DOUGLAS HARPOOL**
                                   **UNITED STATES DISTRICT JUDGE**